IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST )<br>FROM RUSSIA )<br>IN THE MATTER OF )<br>OLYMPIA ) | Misc. No. 06- |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Russia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Russian authorities who are investigating a case of alleged swindling.

EVIDENCE SOUGHT:

The Russian authorities seek information from the Delaware Secretary of State's Office and a company that may reside in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and

take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in <u>In Re Request for Judicial Assistance from the Seoul District Criminal Court</u>, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." <u>In Re Letter of Request from the Crown Prosecution Services of the United Kingdom</u>, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Russia and hence the request comes well within those circumstances

contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: /s/ Richard G. Andrews
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No.2199
1007 N. Orange Street
Wilmington, DE  19801
(302) 573-6277

Dated: 4/5/06

|  |  |
|---|---|
| **Prosecutor General's Office**<br>**of the Russian Federation**<br><br>15A Bolshaya Dmitrovka<br>Moscow, GSP-3, 125993, Russia<br><br>_10_ .11.2005   Our ref. 35/2-2922-05 | Ms. Mary Ellen Warlow<br>Director<br>Office of International Affairs<br>U.S. Department of Justice<br><br>1301 New York Ave. NW<br>Washington, D.C. 20005 |

Dear Ms. Warlow,

The Prosecutor General's Office of the Russian Federation presents its compliments to the U.S. Department of Justice and, pursuant to the Treaty on Mutual Legal Assistance in Criminal Matters of June 17, 1999, kindly requests legal assistance in criminal matter No.509108 instituted on the elements of crime stipulated by Art. 159 part 3 of the Criminal Code of the Russian Federation on the fact of misappropriation of the budgetary funds by the Directors of "Olympia", LLC.

The essence of the assistance required is set forth in the request of the Investigative Department of the Public Prosecutor's Office of the Volgograd Region, attached hereto.

Procedural criminal law of the Russian Federation envisages limited terms of the prejudicial investigation on criminal matters. Procedural terms violation may adversary affect the results of criminal investigation and brining to justice the accused. In view of the above, please take all the necessary measures to execute the above-mentioned request prior to March 1, 2006 and forward the results obtained to the Prosecutor General's Office of the Russian Federation.

The Prosecutor General's Office of the Russian Federation guarantees that the documents and data obtained during the course of the request execution will be used for the purposes of the investigation only and will not cause any harm to the sovereignty, security and public order of the United States of America.

If there are any reasons preventing you from the request fulfillment, please advise the Procurator General's Office of the Russian Federation without delay. If the request has been partially executed, we kindly ask you to submit materials obtained.

The Prosecutor General's Office of the Russian Federation thanks you in advance for your cooperation and confirms its readiness to provide or other kind of legal assistance in criminal matters to the law-enforcement agencies of the United States of America.

Enclosure: in 15 pages.

**Chief**
**International Law Department**      R.A. Adelkhanyan

To the competent authorities of the USA

## Inquiry for legal assistance

The criminal case # 509108 investigated by the Office of Public Prosecutor of the Volgograd region is instituted on September, 29, 2005 against "Olympia" LLC charged with the embezzlement of the sum of 4911000 roubles from he budget by illegal reimbursement of value-added tax (VAT) from the federal budget on the indication of the crime provided by Art. 159, p. 3, viz. fraud, that is large-scale misappropriation.

The preliminary investigation established, that on 12.09.2001 "Olympia', LLC signed fictitious contracts # 840/53580061/002, # 840/53580061/003, # 840/5350061/004 with "SeaSice Int-l Company", USA (USA 1220 N. Market Building, Wilmington, New Castle 19801, Delaware, settlement account # ███████ "Lateko Bank" Latvia), according to which "Olympia" LLC committed itself to deliver here press-forms for thermoplastautomats TPA – 582/460-450H/400 for the total amount of 840000 USD. "Olympia" LLC according to the supply contract # PF-1 from 06.09.2001 purchased the supposedly exported product from "Bytkomtorg" LLC (Moscow region), and the latter in its turn – from the enterprise "MKT Sphera", LLC. According to the cargo customs declarations # 10904/011001/0005317, # 10904/011001/0005318, # 10904/011001/0005316 on 04.10.2001 the goods were exported out of the Russian Federation through the Yaroslavl and Sebezhsk customs (Byrachki) by car EF 9166/J595, "East-West Services Inc", No. 2 Commercial Centro Square, P.O. Box # 71, Atofi, Niue, through joint-stock company "Agroapgade", Riga, Latvia was stated as the consignee; as the consignor – "Feit", LLC, Yaroslavl, Mashinostroiteley str., 24; the declarant – close joint-stock company Ventermina, Yaroslavl, Saltykova-Schedrina str., 7. On 31.10.2001 the sum of 840000 USD was transferred to the settlement account of "Olympia", LLC in joint-

stock company "Pushkino", the Pushkino city of Moscow region, as the payment of export contracts.

Taking into consideration that the initial supplier "MKT Sphera", LLC did not participate in financial and economic activities, and accordingly, VAT was not paid to the Russian Federation budget, the supplied goods did not exist in reality, the reimbursement of VAT by "Olympia", LLC was illegal.

However, "Olympia" LLC in the person of its director A/V/Bondarenko wih the purpose of embezzlement of budget money produced illegally he VAT declaration to the Inspection Ministry of Tax Agency of the Russian Federation of the Krasnooktyabrskiy district of Volgograd, producing the claim for reimbursement of the VAT sum of 4911000 roubles on he fictitious export transaction for October, 2001, which was illegally reimbursed to "Olympia", LLC by the way of transferring it to the settlement account of the company at business Bank "East Bridge Bank", LLC (Moscow) on the grounds of the resolution of the Inspection Ministry of Tax Agency of the Russian Federation of he Krasnooktyabrsky district of Volgograd # 14182 from 19.03.2002, by which the large-scale damage of 19.03.2002, by which the large-scale damage of 4911000 roubles was inflicted to the federal budget.

In view of the above stated, with the purpose of research of all circumstances and establishment of the truth concerning the case, guided by the regulations of the Russian Federation and the United States of America Treaty "Of Mutual Legal Assistance in Criminal Cases" from 17.06.1999, taking into consideration that fight against crime represents the common object to all countries of the world community, basing on the principles of mutuality, we ask You to render assistance in conducing the following investigation activities on the territory of the United States of America:

Establish the existence and location of "SeaSice Int-l Company", (USA 1220 N. Market Building, Wilmington, New Castle Delaware) and provide us with the information its

registration, kind of activity and the availability of its bank accounts;

2. to establish the personalities of the founders and directors of "SeaSice Int-l Company", USA, and director Robert E. Bauman in particular, and interrogate them on the following issues:

- When and with what purpose was the enterprise started and registered by them?
- What kind of activities do they participate in?
- What can they clarify about the supplies of the press-form for thermoplastautomats TPA-582/460-450H/400 from Russia under the terms of contract with "Olympia", LLC to Latvia?
- In what connection was the product supplied to the address of "East-West services, Inc", No.2 Commercial Centro Square, P.O. Box # 71, Atofi, Niue, through joint-stock company "AGROAPGADE", Riga, Latvia; what are their relations with the stated company?
- What can they clarify concerning the transfers to the open joint-stock company "Pushkino" (the Pushkino city of the Moscow region) of the currency earnings as per the above stated contracts to the settlement account of "Olympia", LLC from the settlement account # ▮▮▮▮▮▮▮ in "Lateko Bank", Latvia.
- Did this funds return and in what way?
- To confiscate the samples of impressions of the stamp of "SeaSice Int-l Company" and signatures of Robert E. Bauman.

Thank you in advance for assistance, expressing hope for the further cooperation.

**Initiator of the request:**

Office of Public Prosecutor of the Volgograd region

**The address of the initiator:**
Russian Federation,
400066 Volgograd, pr. Lenina 8
code: 8442 tel. 343038
fax: 936425

Attachment: extract from the Criminal Code of Russian Federation on 1 sheet

**Senior investigator of Office of Public Prosecutor of the Volgograd region**
**2nd class lawyer**

D.V. Nikandrov



# Russian Federation

## Federal Law

### On introduction of modifications and amendments into the Criminal Code of Russian Federation

Passed by the State Duma on November 21st 2003

Approved by the Council of Federationon November 26th 2003

Clause 159. Swindling
1. Swindling, that is plunder of somebody's property or buying somebody's property by a deceit or breach of confidence,-
It is punished by the penalty at a rate of up to hundred twenty thousand roubles or at a rate of wages or other income condemned for the period till one year, or obligatory work for the term of to hundred eighty hours, or corrective work for the term of from six months to one year, or arrest for the term from two to four months, or imprisonment for the term to two years.
2. Swindling accomplished by group of people on preliminary arrangement, and is equal with causing significant damage to a citizen,-
It is punished by the penalty at a rate of up to three hundred thousand roubles or at a rate of wages or other income condemned for the period of two years, or obligatory work for the term of hundred eighty till two hunted forty hours, or correctives work for the term of one year till two years, or imprisonment for the tem of five years.
3. Swindling accomplished by a person with use of the status, and is equal in the large size,-
It is punished by the penalty at a rate of hundred thousand up to five hundred thousand roubles or at a rate of wages or other income of the condemned for the period from one year till three years or imprisonment for the term of two to six years with the penalty at a rate of o ten thousand roubles or at a rate of wages or other income of the condemned for the period about one month or without such.
4. Swindling accomplished by an organized group or in especially large size,-
It is punished by imprisonment for the term of five to ten years with the penalty at a rate to one million roubles or at a rate of wages of the condemned another income for the period till three years or without such.

The President of Russian Federation V. Putin

December 8th 2003 N

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM RUSSIA IN THE MATTER OF OLYMPIA | ) ) ) Misc No. 06- ) |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Russia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Russia and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Russian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

      3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Russia, which procedures may be specified in the request or provided by the Russian authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Russian authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

      Dated: This _____ day of _____, 2006.

                                        _____
                                        United States District Court Judge